## Hoffman, Receiver, Appellant, *v.* Whelan.

*Live stock insurance—Assessments—Affidavit of defence.*

In an action by the receiver of a live stock insurance company to recover assessments levied for the purpose of paying the death losses of certain specified horses, an affidavit of defence is sufficient which denies the existence of any such indebtedness and avers that at the time said assessments were made there was no such indebtedness by the company nor is there now, and that the very claims for which said assessments were made have been paid.

Argued Feb. 9, 1894. Appeal, No. 122, Jan. T., 1894, by plaintiff, John W. Hoffman, Receiver of the Harrisburg Mutual Live Stock Ins. Co., from order of C. P. Delaware Co., Sept. T., 1892, No. 86, discharging rule for judgment for want of sufficient affidavit of defence in favor of defendant, Timothy Whelan. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for assessments to pay stock death losses.

Plaintiff's statement alleged that the assessments were levied for the purpose of paying losses for the death of particular horses, naming them.

The affidavit of defence, as to the majority of the assessments, set out that, "at the time of the assessments the company was not indebted" to the parties named "and is not now;" and, as to certain assessments, that "the identical claims for which the assessments were made have been paid."

Rule for judgment discharged.

*Error assigned* was above order.

*Horace L. Cheyney,* for appellant, cited: Biddle on Insurance, § 938; Ins. Co. v. Gachenbach, 115 Pa. 492; Thropp v. Ins. Co., 125 Pa. 427; Hummel's Ap., 78 Pa. 320; Rosenberger v. Ins. Co., 87 Pa. 207; McCracken v. Congregation, 111 Pa. 106; Orr v. Ins. Co., 114 Pa. 387.

*Isaac Johnson,* for appellee.

·PER CURIAM, February 26, 1894:

There was no error in refusing to enter judgment against the defendant for want of a sufficient affidavit of defence.

In his statement of claim, plaintiff alleges that the assessments, which he seeks to collect, were levied for the purpose ·of paying the death losses of certain specified horses. In substance, the affidavit of defence denies the existence of any such indebtedness, and avers that at the time said assessments were made there was no such indebtedness by the company, nor is there now, and that the very claims for which said assessments were made have been paid. Assuming, as we must for the purposes of this case, that these averments are true, they constitute a substantial traverse of the plaintiff's claim as presented in his statement.

Judgment affirmed.