Capital City Mutual Fire Insurance Company for Use of John Kramer, Receiver, Appellant, *v.* H. C. Boggs.

| | |
|---|---|
| 172 | 91 |
| 19 SC | 291 |
| 172 | 91 |
| 21 SC | *633 |
| 21 SC | 634 |
| 172 | 91 |
| 22 SC | ¹³329 |
| 172 | 91 |
| 26 SC | 650 |
| 172 | 91 |
| d214 | 170 |
| 29 SC | ¹201 |
| 29 SC | ⁴641 |
| 172 | 91 |
| 31 SC | 271 |

*Insurance—Mutual companies—Receivers—Assessments.*

An order of court authorizing a receiver of a mutual insurance company to levy an assessment must be strictly followed, and the receiver cannot go beyond its terms.

An order of court authorizing the receiver to levy an assessment " equal in amount to all other assessments heretofore levied," does not authorize the receiver to include in the assessment penalties for nonpayment of prior assessments.

*Receivers—Assessments—Defenses.*

Where a court of competent jurisdiction has appointed a receiver of a mutual insurance company and authorized him to levy an assessment, and he has sued a member of the association for such assessment, such member cannot set up as a defense objections to the incorporation and entry into business of the company, its failure to comply with the requirements of the insurance department, and the purposes and necessity of the assessment authorized by the court.

While in such a case the order of the court is conclusive upon the validity and the amount of the assessment, it does not touch the liability of the defendant to pay, nor conclude him as to defenses upon individual grounds, and therefore an affidavit of defense is good which avers that defendant was never a member of the company because his application for and acceptance of the policy were induced by fraud on the part of the company's agent; that no equities in other parties have intervened which require him to be held; and that the losses for the payment of which assessments were levied occurred before defendant's policy was taken out.

Argued Oct. 21, 1895. Appeal, No. 325, Oct. T., 1894, by plaintiff, from order of C. P. Butler Co., Sept. T., 1893, No. 7, making absolute a rule for judgment for want of sufficient affidavit of defense. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defense. Before GREER, P. J.

Plaintiff's statement averred that at a court of common pleas of Dauphin county, Pa., held at Harrisburg on the 17th day of September, A. D. 1892, an order was made by said court authorizing and directing the receiver of the Capital City Mutual Fire Insurance Company, "inter alia," to levy an assessment upon all obligations and premium notes held by the said company against its members equal in amount to all other assessments heretofore levied, and to collect the same by process of law; and upon payment of said assessments and costs he shall surrender the obligations and premium notes to the parties, and no other assessment shall be laid; that in accordance with the rules, and by-laws of the board of directors of said company, plaintiff did authorize and levy assessments numbers one and two, and said receiver assessed and levied assessment three, and in pursuance, and by authority of said order of court said receiver did assess and levy assessment number four against said defendant upon said policy numbered        as follows, to wit: Assessment number two on the 21st day of October, A. D. 1891, amounting to thirty dollars, assessment number three on the 27th day of February, 1892, amounting to thirty dollars; and said assessments not being paid within thirty days, twenty-five per cent was added for collection, amounting to fifteen dollars; assessment number four on the        day of        189 , amounting to seventy-five dollars; that due and proper notice was given to said defendant by the plaintiff in accordance with the rules and by-laws of said company, which said notices were directed to the address of the defendant as it appeared upon the books of the company and deposited in the post office at Harrisburg, Pa., as follows: Notice of assessment number two was so addressed and deposited on the 24th day of October, 1891, notice of assessment number three was so addressed and deposited on the 27th day of February, 1892, notice of assessment number four with the twenty-five per cent added on assessments numbers two and three was so directed and deposited on the 20th day of February, 1893, thereby requiring defendant to pay said company plaintiff within thirty days after notice the said assessment or sums of money as follows, to wit: Thirty dollars on or before Novem-

ber 24, 1891, thirty dollars on or before the 27th day of March, 1892, one hundred and fifty dollars payable being assessments numbers two, three and four with twenty-five per cent additional on assessments numbers two and three; that by said contract and agreement in said application and in accordance therewith and the said order of court the said defendant promised, assumed and became obligated to pay plaintiff the said several sums of money; that, although often requested, he has not paid the same or any part thereof; that the amount claimed by plaintiff to be justly due from defendant is the sum of one hundred and fifty dollars with interest on the several amounts, aggregating same as they severally fell due and payable.

Defendant filed an affidavit of defense, as follows:

The affiant for the purposes of this suit denies that the company plaintiff ever was legally incorporated and authorized to accept risks and issue policies of insurance, and to that end demands of them to produce in court their alleged articles of association and charter; that at the time the alleged application for a policy was made the said company had no legal authority to commence business and issue policies nor did they have such right on the 27th day of May, 1891, because applications to the amount of two hundred thousand had not been made according to law as a condition precedent to their doing business and accepting risks.

The affiant further avers for the purpose of this suit and is so advised that the company plaintiff cannot maintain this action because they did not file a copy of their charter with the insurance commissioner according to law, and demands of them to produce the evidence of such filing on the trial of this case.

The affiant further avers that he never was a member of the company plaintiff in this action, and that his name and signature to the alleged application filed with plaintiff's statement of claim was procured by plaintiff's agent, S. S. Wood, who induced and persuaded affiant to sign the same by falsely, fraudulently and deceitfully representing to him that the plaintiff herein was a first class company in good financial standing; that the assessments could not exceed ninety cents on one hundred dollars for any one year, and there would be no assessments until the expiration of the year. He further avers that he had no opportunity at the time of this negotiation to examine the

books and financial standing of the plaintiff, or to investigate its by-laws or character of management; that, relying upon the false and fraudulent representations of the said company's agent, he signed the application, believing at the time that said representations were true; and had it not been for the false representations so made by the company's agent, S. S. Wood, he would not have signed said application or accepted said policy; that at the time of said negotiations and the making of the alleged contract of insurance the said company was not in good financial standing, as the said company and agent then and there well knew, but on the contrary it was fraudulently doing business from its inception, being insolvent from the beginning, as shown by its report to the insurance commissioners; that a short time after signing said application the company plaintiff was dissolved and a receiver appointed, who notified affiant to insure in another company; that plaintiff would not be responsible in case of a fire; that said false statements were authorized by plaintiff company with the design and intent of deceiving affiant and others.

The affiant further avers that the assessments sued for in this action are too vague and uncertain to maintain this suit, in that it has blended the losses and expenses without first having stated or filed a schedule of its losses or expenses, and that the same are excessive, fraudulent and not necessary, as the losses and expenses of said plaintiff do not require that such assessments be made, and any losses and expenses that may have occurred were before affiant signed the application signed in this suit.

The affiant further denies each and every allegation, statement and averment set forth in plaintiff's statement of claim, and calls upon them for proof to support every statement therein made.

A supplemental affidavit of defense was as follows:

That this policy on which suit is brought is not assessable until one year from date of issue, defendant having paid at the time of signing same his proportion of any loss or contemplated loss to the agent, S. S. Woods, who then and there accepted the same as payment from one year from date thereof, and expressly agreed for and on behalf of said company, from which the full power and authority to make said agreement, that no

assessment would be made until after one year from date of policy; and deponent relying upon his statement accepted the policy and paid his premium as required by the agent and pursuant to said contract.

Deponent further avers that the assessment sued for is for more money than is necessary to pay the losses and expenses of said company, if any losses occurred since his membership, which is denied, the losses and expenses having occurred long before his membership, and for which he is not liable.

Deponent further says and expects to be able to prove that the company plaintiff sustained no losses by fire since the issue of the policy sued upon ; that the expenses mentioned in plaintiff's statement of claim is for the payment of salaries of officers before his membership who connived together to encourage and solicit members after they knew the company was insolvent; that legal proceedings were about being instituted to dissolve and forfeit the charter, and plaintiff being a party to said fraudulent schemes, deponent is advised and believes that it cannot recover for losses, salaries and expenses accruing prior or subsequent to his membership.

And deponent further avers for the purpose of this suit that no person or persons at any time contracted, or insured, or became a member of the company plaintiff on the faith and credit of any fraudulently induced policy, and deponent here and now demands of the plaintiff to adduce in court the books of said company showing a schedule of the losses by fire, the debts and amounts of the same, together with the amount of expenses, and also minute book of directors kept by the secretary, and all other books pertaining to the organization.

An additional supplemental affidavit of defense was as follows :

Before me personally came J. C. Vanderlin, one of the attorneys for defendant in above stated case, who, being duly sworn, says, as an additional defense in this case, that there are not now, nor were there at the time this suit was brought, any valid and subsisting claims against the plaintiff company for losses by fire for which said company is now or was then liable, for the reason that suits were not instituted against said company by the persons insured therein and by whom losses were sustained within the time required by the provisions of the contracts of insur-

ance issued to said persons by said company, to wit: within six months after the loss in each case occurred, as required by paragraph 7, section 10 of the form of policy issued by said company. Defendant therefore says that he is not liable in this action and cannot be called upon to contribute toward the payment of said claims for losses, for the reason that said claims have not at this time, nor did they have when said suit was instituted, any legal existence whatever, which facts are apparent from the testimony advanced by the plaintiff company in its suits pending against Swain at Nos. 5, 6 and 11, September term, 1893, of said court.

The court discharged the rule.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*Joseph B. Bredin, J. C. Durbin* with him, for appellant.— Invalidity of a charter cannot be impeached or inquired into collaterally: Rothschild v. R. R., 1 Pa. C. C. 620; Dyer & Co. v. Walker, 40 Pa. 157; H. J. & S. R. R. v. Haldeman, 82 Pa. 36; McCully v. Pittsburg & Connellsville R. R., 32 Pa. 25; Cleveland & Pittsburg R. R. v. Speer, 56 Pa. 335; Spahr v. Farmers' Bank, 94 Pa. 429; Freeland v. Penna. Cent. Ins. Co., 94 Pa. 513; Workingmen's Building & Loan Assn. v. Coleman, 89 Pa. 428; Rhodes v. Building Assn., 82 Pa. 180.

Though subscription to stock of an insurance company may have been induced by fraudulent representations, yet the subscriber cannot recover the amount paid if there are creditors after his subscription. As to such debts the funds of the corporation, including the subscription, are held in trust for his payment: Turner v. Granger Life & Health Ins. Co., 65 Ga. 649; Hamilton v. Granger Life & Health Ins. Co., 67 Ga. 150; Dettra v. Kestner, 147 Pa. 566; Howard v. Turner, 155 Pa. 349; Eilenberger v. Ins. Co., 89 Pa. 464.

If a corporation is insolvent, a shareholder whose contract of subscription was obtained by fraud of the company's agent cannot rescind his contract after insolvency, or set up fraud as a defense: Upton v. Tribilcock, 91 U. S. 55; Upton v. Englehart, 3 Dil. 496; Webster v. Upton, 91 U. S. 65; Sanger v. Upton, 91 U. S. 56; Chubb v. Upton, 95 U. S. 665; Ogilvie v. Knox Ins. Co., 22 How. (U. S.) 380.

In this suit the adjudication of Dauphin county court is looked at collaterally. And, "every element and requisite necessary to the making of a judgment or decree must be presumed to exist when it is looked at collaterally: Merklein v. Trapnell, 34 Pa. 42; Spelling on Corp., sec. 857; Came v. Brigham, 39 Me. 35; Otterson v. Middleton, 102 Pa. 78; Yaple v. Titus; 41 Pa. 195; Wood v. Standard Mut. Live Stock Ins. Co., 154 Pa. 157; Travis v. Waters, 1 Johns. Ch. 85; Lowenstein v. North Schuylkill Ins. Co., 132 Pa. 410; Schooner v. Hinckley, 48 La. 32.

One court cannot modify, disregard or set aside the judgment of another court of coördinate jurisdiction; however erroneous such judgment or sentence may appear to be, it is binding upon courts of coördinate jurisdiction until vacated or reversed by due process of law: Doyle v. Com., 107 Pa. 20; Com. v. Order of Vesta, 156 Pa. 534; Osterhoudt v. Rigney, 98 N. Y. 222; Black on Judgments, sec. 792; The Globe, 2 Blatchf. 427; Heidritter v. Elizabeth Oil Cloth Co., 112 U. S. 294; The Rio Grande, 23 Wall. 458; Noble v. Thompson, 79 Pa. 354; Street v. Augusta Ins. Co., 12 Rich. 13.

*Lev. McQuistion, J. C. Vanderlin, J. B. McJunkin* and *J. M. Galbreath* with him, for appellee.—The insurance company, having accepted the defendant's application and issued to him its policy, is affected with any fraud on the part of its agent in procuring the insurance. It cannot repudiate the fraud and yet retain the benefit of the contract: Sunbury Fire Ins. v. Humble, 100 Pa. 495; New England Ins. Co. v. Weigle, 128 Pa. 577; Lycoming Ins. Co. v. Woodworth, 83 Pa. 223; Custar v. Gas & Water Co., 63 Pa. 381; Dettra v. Kestner, 147 Pa. 566; Howard v. Turner, 155 Pa. 349.

Assessments greatly in excess of the losses, whether made purposely or by culpable negligence, are fraudulent, illegal and void: Rosenberger, Light & Co. v. Washington Fire Ins. Co., 87 Pa. 207; Ins. Co. v. Gackenbach, 115 Pa. 492; Wilde v. Baker, 14 Allen, 349; 20 Eng. Ency. of Law, 121.

The general rule of law is that losses in the cases of mutual insurance companies should be paid by the policies in force at the time the loss occurs: Ins. Co. v. Hartshorne, 90

465; Akers v. Hite, 94 Pa. 394; Ins. Co. v. Stauffer, 125 Pa. 416.

As a general rule the same defenses are available by the defendant in an action brought by a receiver to recover a demand due to the estate which he represents as might have been set up in the action if brought on the same claim by the original party: 20 Am. & Eng. Ency. of Law, 230; Akers v. Hite, 94 Pa. 495; Hoffman v. Whelan, 160 Pa. 94.

The order of the Dauphin county court authorizing an assessment, even if such order had been necessary, was interlocutory in its nature: 5 Am. & Eng. Ency. of Law, 371.

The corporate rights of the individual member may be subject to the control of the corporation, but his rights as a party insured rest on the contract: Rosenberger, Light & Co., v. Washington Fire Ins. Co., 87 Pa. 207; Ins. Co. v. Connor, 17 Pa. 136; 20 Am. & Eng. Ency. of Law, 290.

In order that any matter may become res judicata and conclusive in a subsequent suit, it must appear that the identical question was adjudicated between the same parties or their privies.


OPINION BY MR. JUSTICE MITCHELL, November 4, 1895:

The statement does not entitle plaintiff to a judgment, because it fails to show a complete right to recover the sum claimed. It sets out the order of the court of common pleas of Dauphin county, authorizing the receiver to levy an assessment "equal in amount to all other assessments heretofore levied." This of course means all assessments theretofore legally and properly made. The statement then enumerates three prior assessments, two of them made by the board of directors in accordance with the by-laws, the third by the receiver, and then a fourth by the receiver under the order of court referred to. No authority in the receiver to make the third assessment is shown, unless it is to be inferred from the general language of the act of May 1, 1876, sec. 49, P. L. 66, the adequacy of which is doubtful. But even conceding the receiver's power as to the third assessment, the fourth is excessive. It is for seventy-five dollars, being equal in amount to the second assessment of thirty dollars, the third of thirty dollars, and fifteen dollars penalty for failure to pay said assess-

ments within thirty days after notice. For this last item there is no warrant in the order of court, which authorizes only an amount equal to the prior assessments, and does not include penalties or other debts which may be owing by individual policy holders. While the order of the court is sufficient authority for what it covers, it must be strictly followed, and the receiver cannot go beyond its terms. On the face of the statement the fourth assessment should not have exceeded sixty dollars.

Turning now to the affidavit of defense, the objections set up to the incorporation and entry into business of the company, its failure to comply with the requirements of the insurance department, and the purposes and necessity of the last or fourth assessment, are not maintainable as to that assessment. The common pleas of Dauphin county, on the relation of the attorney general, had taken charge of the affairs of this company, appointed a receiver, and authorized him to make a specified assessment. That order was within the jurisdiction of that court and was conclusive of all prior matters involved in it. It cannot be questioned in any collateral or ancillary proceeding such as the present. As to the second and third assessments the rights of the receiver are no greater than those of the company, and the defendant may make all defenses that he might have made if the action had been brought by the latter to its own use, but as to the fourth assessment the necessity and amount are concluded.

But even as to the last assessment the rest of the affidavit sets up a valid defense. The order of the Dauphin county court is conclusive upon the validity and the amount of the assessment, but it does not touch the liability of the defendant to pay. It could not do so, as he has not been heard and therefore cannot be concluded as to defenses which are personal to himself. The affidavit avers that defendant was never a member of the company because his application for and acceptance of a policy were induced by fraud on the part of the company's agent, and (to meet the rule in Dettra v. Kestner, 147 Pa. 566, and Howard v. Turner, 155 Pa. 349) that no equities in other parties have intervened which require him to be held; and further that the losses for the payment of which these assessments were levied occurred before defendant's policy was taken out.

In the absence of any special agreement or clause of the by-laws such as existed in Ins. Co. v. Stauffer, 125 Pa. 416, defendant would not be liable for such losses. These defenses are upon individual grounds which were not concluded by the order of the Dauphin county court, and on which therefore defendant is entitled to a hearing: Akers v. Hite, 94 Pa. 394; Sunbury Ins Co. v. Humble, 100 Pa. 495; Hoffman v. Whelan, 160 Pa. 94.

Order affirmed.