## C. C. Matten, Receiver, Appellant, v. A. C. F. Lichtenwalner, now Butz.

*Mutual insurance—Cancelation of agreement—Assessments—Premium note.*

A policy of insurance and the premium note given therefor constitute a contract which the parties may rescind by mutual agreement, and when such agreement is made in good faith the parties are as much bound as if the policy had been marked canceled and the premium note given up.

If a policy be in fact canceled, there can be no recovery of assessments on a premium note given by the insured unless a liability existed for losses sustained by the company prior to such cancelation.

*Mutual insurance—Effect of cancelation—Question for jury.*

In a suit by a receiver to recover on a premium note, an assessment authorized by the court, where the defense is that the policy had been canceled by agreement, and there is evidence which if believed would justify the jury in finding that such agreement had been made, the court properly left the case to the jury to be controlled by their finding of two facts, namely, cancelation of the policy and nonliability at the time of such cancelation by reason of the fact that the company had collected assessments with which, or had the means, to pay losses for which insured was liable as a member of the company at the time.

Argued Dec. 7, 1897. Appeal, No. 41, Oct. T., 1897, by plaintiff, from judgment of C. P. Lehigh Co., April T., 1889, No. 77, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before ALBRIGHT, P. J.

It appears from the record that this was an action to recover the amount due on an assessment directed by the court of common pleas of Schuylkill county, the affairs of the North Schuylkill Mutual Fire Insurance Company of Pennsylvania having gone into the hands of a receiver. The defense was, that the defendant, a policy holder, having paid all assessments due up to the time, surrendered a policy, which surrender was accepted by agreement of the company and promises given for the return of the premium note. The court below left the question to the jury as to whether such an agreement or surrender or cancelation was made, and whether all assessments for which the insured

was liable at the time of such cancelation had been paid by her to the company. The amount of the assessments sued for was $137.50.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were, (2) In refusing binding instructions for plaintiff. (3) In the general charge in submitting to the jury the question of the cancelation of defendant's policy, and the payment of all losses that had occurred down to date of cancelation, there being no evidence to warrant a finding in favor of defendant on these points, or the submission of this question. (4) In admitting testimony on behalf of the defendant purporting to show a surrender of the policy to the company, and that the company canceled the policy and relieved insured from all liability thereafter. (5) In admitting evidence on behalf of defendant tending to show that the policy was sent to the company and that the defendant received a notice from the company saying that the policy would be canceled as soon as the assessments were paid, and that the assessments were paid. (6) In admitting evidence, under objection, on the part of the defendant, to show that defendant had received a letter from the officers of the company, dated June 7, 1876, signed by the secretary; the purpose of the offer being to show that on June 7, 1876, assessment No. 2 was made by the company; to be followed by a notice from the company showing that the policy would be canceled on the payment of the assessments up to that date. This evidence to be followed by the resolutions of the board of directors directing this policy to be canceled.

*Geo. J. Wadlinger* and *James L. Schaadt*, for appellant.— The evidence failed to show that defendant either paid her pro rata share of all losses and expenses, or that her policy was canceled as provided by the by-laws, or by any one having authority to cancel the same and relieve the defendant from liability on her premium note. There not being more than a scintilla of evidence of a material fact, the question should not be submitted to the jury: Bank v. Wirebach, 106 Pa. 37; McCarthy v. Scanlon, 176 Pa. 262.

Failure to collect one assessment is not a waiver of the right to collect a subsequent one: Ins. Co. v. Cochran, 88 Pa. 230.

The question of the effect of a surrender of a policy to an agent has been ruled by the Supreme Court against the contention of the appellee, in the case of Ins. Co. v. Swank, 102 Pa. 17; Buckley v. Ins. Co., 83 Pa. 298.

In the case of Eichman v. Hersker, 170 Pa. 402, one of the defenses set up is very much like that of the defendant in this case.

*John Rupp*, with him *A. G. De Walt*, for appellee.—A reasonable statement of the rule is, that where there is any evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof: Raby v. Cell, 85 Pa. 80.

The liability of the defendant was limited to paying her proportionate share of the expenses incurred, which happened during the period of her membership: Ins. Co. v. Hartshorn, 90 Pa. 465; Akers v. Hite, 94 Pa. 394.

OPINION BY BEAVER, J., February 19, 1898:

" A policy of insurance and the premium note given therefor constitute a contract between the company and the insured and the parties usually have the same power to rescind it by mutual agreement as they had to make it." " A good faith agreement between the parties in a contract of insurance to annul it is valid." " The parties are as much bound by such an agreement as if the policies had been marked canceled and the premium note given up." " From thence the defendant had no insurance, she was not a member, nor was she liable on the notes." " The plaintiff has no more right to collect an assessment on such notes than on those which had been actually returned on like terms: " Akers v. Hite, 94 Pa. 394. The secretary of an insurance company is the proper organ of communication between the company and the assured. It was clearly within the scope of his authority to inform the assured of the cancelation of her policy, either upon failure of the assured to comply with the condition upon which it was issued and for the nonperformance of which the company had reserved the right to cancel it, or by agreement between the company and the assured. If the policy was in fact canceled, there can be no recovery of the assessments on the premium note given by the

defendant, unless she were liable for losses sustained by the company prior to such cancelation : Columbia Insurance Co. v. Masonheimer, 76 Pa. 138.

The defendant became a member of a Mutual Fire Insurance Co., and, upon notice of an assessment upon her premium note to pay losses, she surrendered her policy to the agent from whom she had received it and requested it to be canceled. It was sent by the agent to the company for cancelation. The secretary acknowledged its receipt for cancelation, and the defendant was informed by the agent that it had been canceled. She subsequently received notice of two assessments, in one of which there was a statement of assets and liabilities, showing abundance of assets for the payment of liabilities, with the assurance that, upon the payment of these assessments, the premium note would be returned, and she released from all further claims. These assessments were paid by her to the attorney designated by the company to receive them. Upon this state of facts, the court below was asked to say that the plaintiff was entitled to a verdict for the full amount of an assessment authorized by the court of common pleas of Schuylkill county, to be laid, nearly ten years after the payment of the assessments last mentioned by the defendant. It is not surprising that the court refused to do so.

The charge of the court, in submitting the case to the jury, is clear, full and fair. The only part of it with which the appellants find fault, is that in which the only question in the case which was submitted to the jury is stated by the court as follows : " The only question submitted to you and the only grounds upon which you could find for the defendant is this : Did the directors of the company cancel her policy ? If they did not so act, then she continued to be a member and was liable to assessment. If you find that the proper authorities of the company did cancel her policy, then you will say that she is relieved from liability under its terms, provided it is proved by the defendant that all the losses that had occurred down to the date of that cancelation had been paid, i. e., realized by the company. When I say 'paid,' I do not mean that the company had actually passed the money over to the person or persons who had the loss, but that the company had realized from its members, including Mrs. Lichtenwalner, what they were bound

to pay to satisfy all those losses. If the defendant has not shown that she, Mrs. Lichtenwalner, had paid to the company her share of all the losses that were incurred down to the period when the policy was canceled, if it was canceled, then you will say that she still remained liable, notwithstanding the action of the directors in attempting to give her free and cancel her policy." In this there was no error. The jury was allowed to deal with but two facts, namely, the cancelation of the defendant's policy and her nonliability at the time of such cancelation, by reason of the fact that the company had collected assessments with which, or had the means, to pay losses for which she was liable as a member of the company at the time. As to these questions we cannot say that there was no evidence to go to the jury. If the issue had rested upon the surrender of the policy and the acknowledgment of its receipt for cancelation, there might have been some question in regard to it, but the acceptance by the defendant of the proposition contained in the notice of January 11, 1877, and the payment by her of assessments Nos. 2 and 3, which notice contained a statement of the assets and liabilities of the company justified the jury in reaching a conclusion not only that an agreement was thereby made for the cancelation of the policy but that the defendant also discharged the obligation to her co-members by such payments. There can be no doubt that, under this state of facts, if her property had burned down, she would not have been entitled to recover for its loss from the company.

The failure of the company to return the premium note and the fact that the receiver found it among its assets, when he took charge of them, amounts to nothing, if the agreement of cancelation was made, as found by the jury. As was said by Mr. Justice TRUNKEY in Akers v. Hite, supra, "The plaintiff has no more right to collect an assessment on this note than on those which had actually been returned on like terms." The first, second and third assignments of error are overruled.

In the fourth, fifth and sixth assignments, which relate to the admission of evidence, we can see no error. The testimony was relevant and entirely competent. It went to the root of the case, namely, the cancelation of the defendant's policy, and, under the authorities which we have cited herein was, we think, properly received.

The judgment is affirmed.