## Moore *v.* Reifsnyder, Appellant.

*Insurance—Mutual insurance—Cancelation—Policy.*

In an action by a receiver to recover an assessment on a policy of insurance in a mutual company, where it appears that the assessment was made by a virtue of a decree of the court of common pleas under which the receiver was appointed, the defendant cannot offer in evidence for the purpose of showing sufficient assets to meet liabilities, a statement purporting to have been issued by the company nearly a year after the period of liability of the defendant for losses under the plaintiff's claim, but not sworn to by any officer authorized to speak for the company. The validity and amount of such assessment was established by the decree of the court of common pleas, and cannot be attacked collaterally in a suit by the receiver to recover it.

Submitted Oct. 27, 1902. Appeal, No. 160, Oct. T., 1902, by defendant, from judgment of C. P. Centre Co., Jan. T., 1901, No. 105, on verdict for plaintiff, in case of Elmer W. Moore, Receiver of Iron City Mutual Fire Insurance Company, v. J. H. Reifsnyder. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover assessments on a policy of fire insurance.   Before LOVE, P. J.

The facts are stated in the opinion of the Superior Court.
At the trial defendant offered in evidence the following circular :

### FIRE INSURANCE AT ACTUAL COST.

### THE IRON CITY MUTUAL FIRE INSURANCE CO., OF PITTS-BURG, PA.

Charter Perpetual, Statement—1st January, 1892.   All policies cover loss and damage by lightning.
Assets :

| | |
|---|---|
| Cash on hand and in bank } ............... | $  7,384.06 |
| Cash in hands of agents   } | |
| Cash premiums and assessments (in course of collection)......................... | 7,769.80 |
| Bilis receivable (judgment notes taken for premiums) office furniture, etc. ... ..... | 709.89 |
| | $15,863.75 |
| Assessable insurance, liable for losses and expenses........................ | $1,301,061.58 |
| | $1,316,925.33 |
| Liabilities............................ | 5,740.57 |

### DIRECTORS.

Timothy O'Leary, Jr., president, of O'Leary Bros. & Co., 301 Wood St., Pittsburg, Pa.

William M. Brinker, vice president, wholesale grocer, Wilkinsburg, Pa.

D. O. Ihmsen, secretary.

A. J. Montgomery, Red Lion Sale Stables, Pittsburg, Pa.

S. J. Fleming, real estate and loans, Pittsburg, Pa.

J. J. O'Leary, of Monongahela Window Glass Works, Pittsburg and Monongahela City, Pa.

To this offer counsel for plaintiff object for the reason that the circular now offered contains a statement bearing date January 1, 1892, almost a year after any claim against this defend-

328    MOORE *v.* REIFSNYDER, Appellant.

Statement of Facts—Opinion of the Court.  [22 Pa. Superior Ct.

ant is made by the receiver, and the circular offered is therefore incompetent, irrelevant and inadmissible.

The Court: The statement offered is not a sworn statement and is not competent evidence. The objection is therefore sustained and the offer excluded, to which the defendant excepts and at his request an exception is noted and bill sealed.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $500.85. Defendant appealed.

. *Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) in giving binding instructions for plaintiff.

*John M. Dale* and *N. B. Spangler*, for appellant.

*R. T. McCready* and *Wilbur F. Reeder*, for appellee.

OPINION BY ORLADY, J., March 12, 1903:

On August 11, 1890, the defendant, who was an agent for the plaintiff insurance company, became a member of it under policy No. 1880, by which his property was insured for the sum of $1,500, for a term of five years. On January 1, 1891, the insured property was sold; the company was notified of this fact and requested to give rates for an exchange for a cash policy, inasmuch as the purchaser did not want a mutual policy. On February 5, 1891, a check marked "assessment No. 2, policy 1880, for Cann," and payable to the order of the plaintiff insurance company, for $67.50, was sent by the defendant, with a letter stating, "The party to whom I sold will not take a mutual policy, but finally agreed to take this and pay me the pro rata to the end of the year, with the understanding that the policy would be canceled." The record is silent as to the result of this until August 13, 1891, when the defendant again notified the company of the sale, and that unless a cash rate would be given the policy would be returned for cancelation; and on August 18, the defendant wrote to the plaintiff company, "Yours of 17th instant has been received, and in reply would say I herewith return to you policy No. 1880 for crucifixion as requested. I am sorry that we could not

retain the risk." It was not material whether the policy was canceled as of that date or on January 7, as the defendant received credit for the whole of the second assessment under the plaintiff's statement.

This action of assumpsit was brought by the receiver of the plaintiff company to recover for a pro rata of losses and expense of said company during the time defendant's policy was in force. There was no controversy as to the necessary facts to entitle the plaintiff to recover under the record as made by the examination of the defendant, and the court was fully warranted in directing a verdict in favor of the plaintiff. Inasmuch as the policy was in force, under defendant's own showing, until it was returned for cancelation on August 18, 1891 (or January 7, 1891), and during its life between 300 or 400 policies had been issued by the company, the circular letter issued January 1, 1892, which was excluded by the court under defendant's offer, was clearly irrelevant. It was not a sworn statement by any officer authorized to speak for the company. It was issued nearly a year after the period of liability of the appellant for losses under the plaintiff's claim, and was not a substantive defense to affect the assessments made by virtue of the decree of the court of common pleas of Dauphin county, under which a receiver was appointed.

The validity and amount of the assessment was determined by that court, and this was but an attempt to attack it collaterally, which is not permitted under our decisions : Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Capital City Mut. Fire Insurance Co. v. Boggs, 172 Pa. 91. It was the duty of the defendant to pay his proportionate share of the losses which had occurred to the company up to the date of cancelation of his policy, which is all that was claimed in this action : Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575; Schofield v. Leach, 15 Pa. Superior Ct. 354; Sparks v. Flaccus Glass Co., 16 Pa. Superior Ct. 119; Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289.

The assignments of error are overruled and the judgment is affirmed.