# International Savings & Trust Company *v.* Kleber, Appellant.

*Insurance—Mutual insurance—Receiver—Assessments—Collateral attack—Parties.*

Assessments levied by the court after the appointment of a receiver of a mutual insurance company, are conclusive, both as to their necessity and amount, and cannot be questioned in either respect in a collateral proceeding to recover same from a policy holder whose duty it is to pay to the company the proportionate share of losses incurred up to the time of his withdrawal.

It is not necessary that the members of a mutual insurance company should be made parties defendant in a bill in equity asking for the appointment of a receiver of the company.   The company itself is a sufficient party defendant.

Where the insurance commissioner has actual notice of a proceeding against a mutual insurance company for the appointment of a receiver, and has assented to the proceeding, it is not necessary that he should be made a party to the suit.

*Appeals—Paper-books—Assignments of error—Statement of question involved.*

The assignments of error and statement of question involved should set forth the grounds upon which the appellant complains of the action of the court below, so that the appellate court will not be compelled to go to the argument of counsel to ascertain the grounds of the appeal.

Argued April 27, 1905.   Appeal, No. 247, April T., 1905, by defendant, from order of C. P. No. 2, Allegheny Co., Oct. T., 1904, No. 1790, making absolute rule for judgment for want of a sufficient affidavit of defense in case of International Savings and Trust Company, Receiver of the Duquesne Mutual Casualty and Indemnity Company, v. H. Kleber & Bros., Limited.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit to recover assessments.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. C. Dicken*, with him *J. C. Dicken*, for appellant.

*G. K. Wright*, with him *W. A. Blakeley*, for appellee.

OPINION BY BEAVER, J., October 9, 1905:

1. If there is anything clearly and definitely settled by our late cases, following those of the Supreme Court, it is that, " Assessments levied by the court, after the appointment of a receiver of a mutual insurance company, are conclusive, both as to their necessity and amount, and cannot be questioned in either respect in a collateral proceeding to recover same from a policy holder whose duty it is to pay to the company the proportionate share of losses incurred up to the time of his withdrawal:" Stockley, Receiver, v. Riebenack, 12 Pa. Superior Ct. 169; Kramer, Receiver, v. Boggs, 172 Pa. 91.

2. It was not necessary that the defendants should be made a party defendant in the bill in equity, asking for the appointment of a receiver. It was said in Eichman, Receiver, v. Hersker, 170 Pa. 402, at page 412: " Nor does it affect the finality of the decree that the defendant was not made by name a party to Lowenstein's bill in equity and was not notified of the application for authority to lay the assessment. The court below properly decided that making the company a party was sufficient. Service on the proper officers of the corporation made every policy holder a party and the answer of the company, not before decree dissented from, will now, after decree unappealed from, be deemed as concurred in by the policy holder."

3. As to the failure to comply with the requirements of paragraph 10, sec. 5, of the Act of April 4, 1873, P. L. 20, relating to the establishment of an insurance department, which is as follows: " The insurance commissioner is hereby empowered to institute suits and prosecutions, either by the attorney general or such other attorney as the commissioner may designate, for any violation of this act; and the commissioner shall be made a party to any proceedings instituted for the purpose of closing up the affairs of any company, when the same shall not be in the name of the commonwealth;" it is perhaps enough to

say that this was evidently intended for the protection of the
insurance department and that, if the insurance commissioner
does not object, it is not for the defendant to raise the ques-
tion.  However, it appears from the petition of the commis-
sioner filed in this case, to be made a party as of the time of
the filing of the bill, he was informed thereof " and agreed
thereto, being fully informed of the necessity therefor."
Whether the opinion of the insurance department " that such
joinder is not necessary in the case of a mutual insurance com-
pany " is correct or not, as a matter of fact by the decree of the
court he was made a party to the bill as of the time of its filing.
We can see no error in this and certainly none of which the de-
fendant can complain.

4. The plaintiff claims in his statement as follows : " In ac-
cordance with the tables attached to the said petition, the as-
sessment of the said defendant upon the amount of insurance
which he carried for the time in which his policy was alive, to-
gether with 31% thereupon, as directed by the said order, is
$422.65.    From this amount of $422.65 is to be subtracted
$136.47, it being the amount the said defendant paid in to the
said company.    The balance thereof, amounting to $286.18, is
the total amount due by the defendant to the plaintiff in this
cause of action, and there are no set-offs or counterclaims of
any kind to the said amount.    The said defendant was duly
notified of said assessment and has neglected and refused and
still neglects and refuses to pay the same."    The affidavits of
defense set forth no facts which, taken together, would consti-
tute a defense peculiar to the defendant.    The most of the alle-
gations relate to the questions which have already been dis-
posed of and we find nothing which raises a question of fact to
be submitted to a jury.

We allowed the appellant's paper-book to be amended, so as to
have the one assignment of error in the case before us, but both
it and the statement of the question involved are very unsatis-
factory.    The assignment of error which is " First. The court
below erred in making the rule for judgment absolute " contains
no specification as to the error alleged, and compels us to seek
for the same in pleadings.

No help is given us by the statement of the question involved
which is presented under two heads : " First. Did the affida-

vit of defense raise questions of fact which should have been submitted to a jury by the court below? Second. Did the court below err in the entry of judgment?" This statement is no more enlightening than the assignment of error and we finally go to the argument of the appellant to ascertain what the grounds upon which he complains of the court were. We have endeavored to dispose of them as fully as they are disclosed but fail to find anything of which the appellant has just reason to complain.

Judgment affirmed.