# Schofield *v.* Leach.

*Mutual insurance company—Assessments to pay losses.*

Where a receiver has been appointed for a mutual insurance company and assessments made on policies issued to defendant in strict accord with the decree of the Dauphin county court, it is settled that such policies are liable for such assessment, and that the assessments are conclusive as to their validity and amount. A policy holder is liable for these assessments when made to pay losses accruing during the life of the policy issued to him, even if the policies had been surrendered.

*Mutual insurance—Assessments—Laches in setting up fraud.*

When a policy holder in a mutual insurance company allows two years to intervene between the date of his policies and surrender of same, during which time he pays several assessments, he allows the rights of other par-

ties to intervene, and he must contribute his share towards paying the same.

A delay of one year has been held an unreasonable time to withhold the defense of alleged fraud in inducing the policies to be taken out.

Argued Oct. 16, 1900.   Appeal, No. 147, Oct. T., 1900, by defendants, in suit of Charles S. Schofield, Receiver of the Ætna Mutual Live Stock Insurance Company, against Lucien V. Leach, trading as A. S. Leach & Company, from judgment of C. P. No. 1, Phila. Co., March T., 1900, No. 949, in favor of plaintiff for want of a sufficient affidavit of defense.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Opinion by ORLADY, J.

Rule for judgment for want of a sufficient affidavit of defense.   Before the court in banc.

It appears from the record that this was an action brought by the receiver of a mutual insurance company to recover certain assessments amounting to $252.70, which had been levied by the receiver under authority of the court of common pleas of Dauphin county.   The policies were issued to the defendant in May and June of 1893, and were held by him until February 13, 1895, during which time he paid several assessments thereon.

Defendant filed an affidavit of defense in which he alleged, inter alia, that "before the period of time when he surrendered the policies he had learned from reliable sources that plaintiff corporation was a swindle and a fraud, and that they had been induced to go into the company and become members thereof from statements made to them by the plaintiff's agent who induced them and persuaded them to sign applications for these policies by false, fraudulent and deceitful representations to them that plaintiff corporation was a first-class company in good financial standing. . . . That the deponent denies that the assessments upon defendants' policies 'are for the purpose of paying losses incurred while the defendants were members of said company,' and that while reference is made in plaintiff's statement to its charter no copy of same whatever is attached to and made part thereof.   It does not appear from the statement of plaintiff corporation that they have observed special condition three upon the back of the policies as issued,

and if they have, the same does not appear as part of the plaintiff's statement. That deponent denies that the said assessments so levied as is set out in plaintiff's statement is necessary to pay necessary losses and expenses of said company under the mortuary calls."

The court below made the rule for the judgment absolute. Defendants appealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*George Bradford Carr*, for appellants.—We cannot import any powers into a charter. Unless expressly granted they do not exist: Rosenberger, Light & Co. v. Ins. Co., 87 Pa. 207.

No copy of the charter was attached to and made a part of the plaintiff's statement, as there should have been, in accordance with the procedure act of 1887, P. L. 271, section 3.

This question is expressly decided in Ins. Co. v. Humble, 100 Pa. 495, in which Mr. Justice PAXSON said: "The company having accepted the policy is affected with any fraud on the part of the person in obtaining it. In other words, it cannot repudiate the fraud and yet retain the benefit of the contract:" New Era Life Assn. v. Weigle, 128 Pa. 577.

This question of intervening equities is also decided in Ins. Co. v. Boggs, 172 Pa. 91, Dettra v. Kestner, 147 Pa. 566, and Stockley v. Riebenack, 12 Pa. Superior Ct. 169.

The affidavit of defense avers an absolute surrender of the policies by defendants, and the further averment that they were received by the corporation and canceled, as shown by the receipt under date of February 13, 1895, which is made a part of the affidavit.

*William A. Carr*, with him *Sidney L. Krauss* and *W. Horace Hepburn*, for appellee.

OPINION BY ORLADY, J., November 19, 1900:

This action is brought by a receiver of a mutual insurance company to recover certain assessments which had been levied by the receiver under authority of the court of common pleas of Dauphin county. The defendant filed an affidavit of defense which, on a hearing in the court below, was adjudged insufficient, and a rule for judgment was made absolute. Unfor-

tunately for the defendant every phase of his defense has been passed upon by the Supreme or Superior Court, and each contention has been resolved against him. The regularity of the appointment of the receiver was not questioned and the assessments made on the policies issued to the defendant were in strict accord with the decree of the Dauphin county court. The company was a mutual one, and, for the reasons set out at length by Judge WILLARD in Ins. Co. v. Boggs, 5 Pa. Superior Ct. 394, the policies were liable to the assessments, and such assessments were conclusive as to their validity and amount. See also Stockley v. Riebenack, 12 Pa. Superior Ct. 169, Stockley v. Hartley Bros., 12 Pa. Superior Ct. 628, and Ins. Co. v. Boggs, 172 Pa. 91.

The defendant was liable for these assessments which were made to pay losses accruing during the life of the policies issued to him, even if they had been surrendered: Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575; Stockley v. Riebenack, supra; Susquehanna Ins. Co. v. Mardorf, 152 Pa. 22. The policies were issued to the defendant in May and June, 1893, and were held by him until February 13, 1895, during which time he paid several assessments thereon.

In his affidavit of defense he alleges that " in consequence of information received, and believing the corporation to be a swindle and a fraud, he took all the policies which he had, being six in number, to the office of the company in Philadelphia and made a formal surrender of the same." The statement declares " that after the issuing of the aforesaid policies to said defendant, the said company subsequently issued over fifty-five hundred policies to various persons, upon some of which policies losses subsequently occurred, as appears by the said decree hereto attached." By his delay of nearly two years and the payment of the assessments on the policies while he held them, he allowed the rights of other parties to intervene. He owed a duty to his fellow members, and especially to those who may have been induced through his membership in the company to unite their risks with his, some of whom sustained losses to which he must contribute his share towards paying: Ins. Co. v. Smith, 1 Pa. Superior Ct. 470. A delay of one year has been held to be an unreasonable time to withhold such a defense: Fire Ins. Co. v. Oberholtzer, 172 Pa. 223.

The judgment is affirmed.