## Stockley v. Schwerdfeger, Appellant.

*Insurance—Live stock insurance—Assessments—Cancelation of policy.*

A member of a mutual live stock insurance company is liable for all losses incurred prior to his withdrawal from the company, or the cancelation of his policy. If a receiver of the company is authorized by the court to make assessments, the amount of the assessments and the necessity for making them are conclusively fixed by the decree of the court.

Argued Oct. 24, 1901. Appeal, No. 197, Oct. T., 1901, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1901, No. 2475, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Frank B. Stockley, Receiver of the People's Mutual Live Stock Insurance Company, v. Charles H. Schwerdfeger. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit for assessments on policies of a mutual live stock insurance company.

From the record it appeared that the assessments had been authorized by the court of common pleas of Dauphin county.

The defendant in his affidavit of defense averred:

That it is true as averred in the plaintiff's statement of claim that the policies therein mentioned were issued to this defendant, but it is not true as averred in said statement of claim that the said policies were in force at the time any of the losses therein referred to were sustained.

That on January 13, 1898, all of the policies referred to in the plaintiff's statement of claim were canceled, and the defendant paid all his assessments due up to the time of the cancelation of said policies.

That on March 1, 1898, the officers of the People's Mutual Live Stock Insurance Company charged that the defendant was indebted unto the company in the sum of $25.50 for losses which had occurred during the lifetime of the said policies of insurance; that this defendant denied any such liability, as he had paid all his liability to the said People's Mutual Live Stock Insurance Company on January 13, 1898, but, for the purpose of avoiding litigation, and in full settlement of any and all claims of said People's Mutual Live Stock Insurance Company, the defendant, on March 1, 1898, paid to the said People's Mutual Live Stock Insurance Company the sum of $25.50 in full settlement and discharge of any and all claims that the said insurance company had against the defendant by reason of the insurance had therein and the issuance of said policies mentioned in the plaintiff's statement of claim.

The court made absolute a rule for judgment for $278.06 for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*M. J. O'Callaghan*, for appellant, cited: Akers v. Hite, 94 Pa. 394; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 578; Capital City Mutual Fire Ins. Co. v. Boggs, 172 Pa. 99; Billings v. Robinson, 94 N. Y. 415.

*Frank B. Stockley*, with him *E. Cooper Shapley*, for appellee, cited: Capital Fire Ins. Co. v. Boggs, 172 Pa. 91; Doane

v. Millville Mutual Marine Ins. Co., 45 N. J. Eq. 274; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Akers v. Hite, 94 Pa. 394; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575.

OPINION BY ORLADY, J., February 14, 1902:

It is averred in plaintiff's statement, and is not denied in the affidavit of defense, that after the issuing of the policies to said defendant, the company issued over 200 policies to various persons insuring their live stock for various amounts . . . . upon some of which policies losses subsequently occurred. It is not alleged in the affidavit of defense that the sums paid by the defendant at the time of cancelation, January 13, 1898, and on March 1, 1898, embraced the assessments on the policies issued subsequently to those held by him.

The assessments authorized by the decree of the court of common pleas of Dauphin county, as shown by the statement of claim, were for losses upon policies which were in force and outstanding at the date the defendant claims to have had his policies canceled. The plaintiff claimed for assessments upon all of the policies held by the defendant, and in entering judgment for the aggregate of assessments levied against the policies for losses prior to January 13, 1898, the defendant is not asked, in this judgment, to pay for losses on policies issued after that date.

It is not stated how or by whom the policies were canceled, and for the reasons given in Stockley, Receiver, v. Riebenack, 12 Pa. Superior Ct. 169, the defendant is liable for the assessments of indebtedness created before cancelation. After it had been canceled, it was in effect the same as an expired policy, and was liable to pay its share of losses up to date of cancelation, and in fact these had to be paid before the defendant could be fully released.

His withdrawal did not release him from liability for losses incurred during the life of his policies. He must pay his just share up to that time, and in this case the amount of the assessments and the necessity for making them are conclusively fixed by the decree of the court of common pleas of Dauphin county; Capital City Mut. Fire Insurance Co. v. Boggs, 172 Pa. 91; Matten, Receiver, v. Lichtenwalner, 6 Pa. Superior Ct. 575. To hold otherwise would open a wide door to legal or actual

fraud, as the officials of a mutual company upon payment of an inadequate amount could cancel policies on the eve of insolvency and wrest substantial assets from the grasp of a receiver, whose appointment might be made necessary by reason of their acts, and thus destroy the very protection assured by the mutual liability of policy holders for losses during their membership.

The affidavit of defense was insufficient as to the amount for which the judgment was entered and the judgment is now affirmed.