## Snader *v.* Bomberger, Appellant.

*Insurance—Live stock insurance—Receiver—Order of assessment—Conclusiveness.*

An order of court directing the receiver of an insolvent live stock insurance company to make assessments on policies, is conclusive both as to the necessity for and the amount of the assessment, and cannot be questioned in either respect in any collateral or ancillary proceeding. A policy holder when sued for such an assessment, cannot show that the amount

of the assessment was excessive, and included extravagant expenditures and debts not properly chargeable to the policies in force during the period designated. All that the defendant can show are such matters of defense as are personal to himself.

In such a case defendant will not be permitted to prove a settlement of all claims of the company against him with a certain person named, where he makes no offer to show that such person had- power to bind the company; nor can he set off against the assessment the amount which he had paid under a former assessment made by the officers of the company. The withdrawal of the defendant does not release him from liability for losses incurred during the life of his policies.

Where in an action to recover assessments on live stock policies of insurance the plaintiff offered in evidence the applications for insurance, and the defendant objected merely upon the ground that the application had been returned and canceled by the company. he cannot on appeal further object that copies of the application had not been attached to the policies.

Argued Nov. 12, 1902.    Appeal, No. 86, Oct. T., 1902, by defendant, from judgment of C. P. Lancaster Co., May T., 1896, No. 64, on verdict for plaintiff in case of A. W. Snader, Receiver of the Lancaster County Mutual Live Stock Insurance Company, v. Henry Bomberger.    Before BEAVER, OR-LADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit on a policy of live stock insurance.    Before LIVINGSTON, P. J.

At the trial it appeared that the suit was brought originally before a justice of the peace to recover assessments levied under an order of court by the receiver of the Lancaster County Mutual Live Stock Insurance Company.    The justice gave judgment for the plaintiff, and the defendant appealed.

When Allen A. Herr was on the stand, the following offer was made :

Defendant offers to show by Allen A. Herr, the witness, that he, defendant, paid said witness as agent of the said company on January 8, 1894, the sum of $67.21, in settlement of any claims the company had against him, and upon which settlement the policies were canceled.    This, also, for the purpose of having said sum of $67.21 allowed as a set-off against the receiver's assessment covering the same time.    Objected by plaintiff. Disallowed.    Defendant excepts. [3]

Defendant proposes to prove by this witness, these policies

were delivered to him, and that he mailed them to the company, to the secretary, the policies here in suit canceled. Objected to by plaintiff. Disallowed. Defendant excepts. [4]

The defendant now offers to show by A. W. Snader, Esq. (plaintiff receiver), that the debts to pay which the assessments in suit were levied, were contracted by the said Lancaster County Mutual Live Stock Insurance Company before the defendant became a member of said company, and before any policy was issued to him; that at the time the suit in hand was. brought against defendant, in April, 1896, before W. B. Bushong, Esq., justice of the peace, and the time the appeal was entered in court, viz: May 14, 1896, no statement was among the records of the court, upon which the assessment was based, and the paper now on file as a statement upon which decree was based and made, was entered and filed October 29, 1900, long after this suit was brought. Objected to by plaintiff. Disallowed. Defendant excepts. [6]

The defendant offers to prove by the witness, that the expenses for the year 1894 of the Lancaster County Mutual Live Stock Insurance Company, upon which assessment in suit is brought, occurred subsequent to the canceling of defendant's policies, to wit: January 1, 1894, and that said expenses are excessive. Objected to by plaintiff. Disallowed. Defendant excepts. [7]

" Q. In making the assessment which you did against Mr. Bomberger, the defendant, did you allow him any credit for the assessment he paid January 8, 1894, or did you charge any of the parties against whom you made assessments any similar assessment?"

The Court: Confine yourself to this case.

" Q. Did you give him credit in any assessment made for any assessment paid by him on January 8, 1894, on his policies?"

Objected to by plaintiff, unless payment was made to Mr. Snader.

The Court: If he paid since the assessment was made under the order of the court, he may say it. If it was after the appointment of the receiver, it cannot be received.

The Court: What was the date they were decreed insolvent?

" A. December 29, 1894. Q. What was the time your assessment covers? A. From June 1, 1893, up to the time of

SNADER *v.* BOMBERGER, Appellant.

their dissolution, December, 1894. Q. Was this paid after or before you were declared insolvent? A. I don't know anything about this. This was made before I was appointed."

The Court : Then we disallow it.

Defendant excepts. [8]

Plaintiff offers in evidence six applications for insurance, signed by Henry Bomberger, being Nos. 1361, 1406, 1562, 1730, 1766 and 1969. Copies of these have been filed with the statements. These applications were signed by Henry Bomberger for insurance in this company, on which policies have been issued, and the assessments in this suit have been made.

Objected to by defendant. Admitted. Defendant excepts. Objected to by defendant, for the reason they have been returned and canceled by the company. [11]

Defendant presented this point:

3. The plaintiff's statement does not have attached to it a copy of the order and decree of the court, upon which it is purported the receiver plaintiff was authorized to levy the assessments upon which it is founded, nor does it make particular reference to the record of the court, and does not show any losses that accrued during the existence of the defendant's policies, and as there is no proof of time of losses, the verdict should be in favor of the defendant. *Answer :* Refused. [12]

Verdict and judgment for plaintiff for $97.64. Defendant appealed.

*Errors assigned* among others were (3, 4, 6, 7, 8, 11) rulings on evidence, quoting the bill of exceptions ; (12) above instruction, quoting it.

*T. B. Holhan* and *B. F. Davis,* for appellant, cited : Akers v. Hite, 94 Pa. 394 ; Wood v. Standard Mut. Live Stock Insurance Co., 154 Pa. 157 ; Snyder v. Groff, 8 Pa. Dist. Rep. 291 ; Kochler v. Beever, 122 Pa. 291 ; Capital City Mutual Fire Ins. Co. v. Boggs, 172 Pa. 91 ; Hoffman v. Whelan, 160 Pa. 94 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Mahon v. Pacific Mut. Life Ins. Co., 144 Pa. 409.

*W. H. Roland,* for appellee, cited : Snader v. Hurst, 15 Lancaster Law Rev. 33 ; Schofield v. Hayes, 17 Pa. Superior Ct.

110; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289; Snyder v. Groff, 8 Pa. Dist. Rep. 291; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575.

OPINION BY W. D. PORTER, J., December 13, 1902:

The court of common pleas of Lancaster county, on the relation of the attorney general, had taken charge of the affairs of the plaintiff company, appointed a receiver, and authorized him to make an assessment on all policies which were assessable during the period from June 1, 1893, to December 29, 1894, at the rate of one twenty-fifth of one per centum for each day during said period that the policies, respectively, were in force. The receiver assessed the several policies which had been held by the defendant in accordance with the provisions of this order, for the actual number of days they had been in force. The order for the assessment being within the jurisdiction of the court was conclusive both as to the necessity for and the amount of the assessment and cannot be questioned in either respect in any collateral or ancillary proceeding such as the present. It must be accepted as settled that all policies which were in force during the period of time fixed by the order of the court are to be assessed in accordance with the terms of that order. The only defenses which were open to this appellant, in the present action, were those which were personal to himself: Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Schofield v. Leach, 15 Pa. Superior Ct. 354; Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289; Capital City Mut. Fire Insurance Company v. Boggs, 172 Pa. 91; Wood v. Standard Mut. Live Stock Insurance Company, 154 Pa. 157. The various offers by the defendant of evidence which tended to show that the assessment authorized by the court of common pleas was excessive, and included extravagant expenditures and debts not properly chargeable to the policies in force during the period designated, were properly rejected.

The offer of the defendant to prove that he had made a settlement of all claims of the company against him with Allan A. Herr, not being accompanied by an offer to show the authority of Herr to bind the company, was upon its face inadmissible. The reason for the absence of an offer to show Herr's au-

thority is made evident by the testimony of both Herr and the defendant, by which it is made clear that Herr had no authority whatever to bind the company.

The attempt of the defendant to set off against this assessment the amount which he had paid under a former assessment made by the officers of the company, could not have been sustained. That former assessment was one of the assets of the company, and if any member of the company has not paid it the receiver can recover it in addition to the assessment authorized by the court: Fire Insurance Company v. Boggs, supra.

The withdrawal by the defendant from the company did not release him from liability for losses incurred during the life of his policies. He must pay his just share up to that time, and in this case the amount of the assessments and the necessity for making them are conclusively fixed by the court of common pleas of Lancaster county, from which no appeal has been taken. The defendant did not deny that his policies had been in force during the period covered by the decree of the court of common pleas. He produced no evidence tending to establish any claim which was a legitimate subject of set-off. The whole defense was an attempt to attack the decree of the court of common pleas of Lancaster county collaterally.

When the plaintiff offered in evidence the several applications of the defendant for insurance the objection of the defendant was put upon the ground that these applications had been returned and canceled by the company. There was no suggestion then made by the defendant that copies of these applications had not been attached to the several policies, and there was nothing to indicate to the court that the objection was based upon the provisions of the Act of May 11, 1881, P. L. 20. Had the defendant intended to take advantage of the provisions of the act, he ought to have stated the grounds of his objection with sufficient precision to bring himself within the operation of the statute.

The judgment is affirmed.