# Brown v. Spackman, Appellant.

*Insurance—Mutual companies—Assessments—Withdrawals—Receivers.*

A mutual insurance company does not by permitting a member to withdraw, relieve him from his obligation to pay his proportion of losses incurred during the life of his policy, even where they were not charged against him prior to his withdrawal. He must pay the proportion of all liabilities occurring during the continuance of his policy up to the time of his withdrawal.

An order of the court having jurisdiction of the subject directing the receiver of an insolvent mutual insurance company to make assessments on policies to cover losses during the period of the life of the policies, is conclusive both as to the necessity for and the amount of the assessment, and cannot be questioned in either respect in any collateral or ancillary proceeding.

Argued Nov. 21, 1905. Appeal, No. 82, Oct. T., 1905, by defendants, from order of C. P. Chester Co., Jan. T., 1904, No. 64, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles L. Brown, Receiver, etc., v. George H. Spackman et al., trading as The Coatesville Opera House Company. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the statement and of the affidavit of defense are set forth in the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. Frank E. Hause*, for appellants.—A policy of insurance in a mutual company is a contract between the company and the insured, and the parties, in good faith, have a perfect right to terminate this contract: Akers v. Hite, 94 Pa. 394; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575.

The pleadings, in the present appeal, raise a question of fact, which should have been submitted by the court to the jury, and that question was, whether the Opera House Company had, in fact, paid the amount of money they claimed to have paid, and if so, whether it was a payment in full of all dues, assessments and shares of losses for which its policy was liable as represented by the company; and whether, upon that payment, the company had accepted a surrender of the policy, had actually canceled it and had returned the application for the policy.

*Arthur P. Reid*, for appellee.—An order of court directing the receiver of an insolvent live stock insurance company to make assessments on policies, is conclusive both as to the necessity for and the amount of the assessment, and cannot be questioned in either respect in any collateral or ancillary proceedings: Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289; Snader v. Bomberger, 21 Pa. Superior Ct. 629; Moore v. Reifsnyder, 22 Pa. Superior Ct. 326,

The withdrawal of the defendant does not release him from liability for losses incurred during the life of his policies: Snader v. Bomberger, 21 Pa. Superior Ct. 629; Sparks v. Glass Co., 16 Pa. Superior Ct. 119; Doane v. Millville Ins. Co., 45 N. J. Eq. 274 (17 Atl. Repr. 625); Commonwealth v. Mass. Ins. Co., 112 Mass. 116; Cumings v. Sawyer, 117 Mass. 30; Schofield v. Leach, 15 Pa. Superior Ct. 354; Ins. Co. v. Hartshorne, 90 Pa. 465; Ins. Co. v. Stauffer, 125 Pa. 416; Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Capital City Mut. Fire Ins. Co. v. Boggs, 172 Pa. 91.

OPINION BY HENDERSON, J., December 11, 1905 :

The plaintiff's declaration recites the insolvency of the insurance company, the appointment of the plaintiff as receiver, the decree of the court of common pleas of Dauphin county directing assessments against policy holders for the purpose of paying losses, and that the amount for which this action was brought was one of the assessments so authorized and was for losses incurred while the defendants were members of the company. Numerous losses are set forth alleged to have occurred while the defendants were admittedly members of the company. The defendants say, however, that on January 24, 1900, they paid to the insurance company $40.00, "which was in full payment of all assessments, shares or losses and the like for which the Coatesville Opera House Company was liable, either by assessment or otherwise, to January 24, 1900, and that said sum covered the entire amount that the Coatesville Opera House Company was indebted to the Quaker City Mutual Fire Insurance Company for all assessments and losses due on policies then in existence, and for which the Coatesville Opera House Company would in anywise be liable under its policy." This is either an averment that the defendants' proportionate share of all the losses incurred during the life of their policy was $40.00, or that they believed it so to be, or that by an arrangement between them and the officers of the insurance company the sum named was accepted in satisfaction of their liability for losses under the policy. We are confronted, however, by the decree of the court of common pleas of Dauphin county authorizing an assessment to make good the losses of the company,

among which is an assessment of $248.93 against the policy held by the defendants. It is well settled that an order of the court having jurisdiction of the subject directing the receiver of an insolvent mutual insurance company to make assessments on policies to cover losses during the period of the life of the policies, is conclusive both as to the necessity for and the amount of the assessment, and cannot be questioned in either respect in any collateral or ancillary proceeding : Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289 ; Snader v. Bomberger, 21 Pa. Superior Ct. 629 ; Moore v. Reifsnyder, 22 Pa. Superior Ct. 326. The necessity for the assessment was conclusively fixed by the decree of the court of common pleas of Dauphin county, and the propriety of that decree cannot be inquired into in this proceeding. The defendants were not heard when it was entered, and are not precluded from showing that they are not bound because of the invalidity of the contract, or that their proportion of the losses of the company .had been actually paid. No such defense is here set up, however. The appellants' utmost contention is that at the time of the cancellation of the policy the amount then paid was represented by the company to be a payment in full of the amount chargeable to the policy up to that time, and that by such payment they were discharged from further liability. That the amount then paid was much less than the actual liability of the defendants is shown by the pleadings, and is not denied in the affidavit. The defendants are compelled, then, to assume the position that they might, with the consent of the company, pay a sum less than the whole of the liability and receive a release from the remainder. But this they may not do. A mutual insurance company does not, by permitting a member to withdraw, relieve him from his obligation to pay his proportion of losses incurred during the life of his policy, even where it was not charged against him prior to his withdrawal. He must pay his proportion of all liabilities occurring during the continuance of his policy up to the time of his withdrawal : Schofield v. Leach, 15 Pa. 354 ; Sparks v. Glass Co., 16 Pa. Superior Ct. 119 ; Snader v. Bomberger, 21 Pa. Super. Ct. 629 ; Capital City Mut. Fire Insurance Company v. Boggs, 172 Pa. 91. This is not only in accordance with the essential principle on which mutual insurance companies are organized, that each member

will pay his proportionate share of expenses incurred and losses which happen during the period of his membership, People's Fire Insurance Company v. Hartshorne & Company, 90 Pa. 465, but is within the letter of the defendants' contract: Article 12 of the by-laws of the company, authorizing the withdrawal of a member and the cancellation of his policy when such retiring member shall have paid all assessments and other charges standing against him on the books of the company, " together with an additional sum to be fixed by the secretary sufficient to cover his proportionate share of the losses and expenses incurred by the company prior to the date of his withdrawal and not already assessed for." It is also provided by article 14 of the by-laws that " members whose policies have expired shall continue liable to assessments for losses and expenses incurred before the expiration of their policies," and the liability for such losses survives where the policy has been surrendered: Schofield v. Leach, 15 Pa. Super. Ct. 354; Stockley v. Schwerdfeger, supra.

The cases cited by the learned counsel for the appellant are not in conflict with the foregoing authorities. In each of them the principle of liability for assessments to cover losses occurring during the life of the policy is clearly recognized. The only matter of defense available to the defendants is that relating to the payment of $40.00 at the time of the surrender of the policy. As to this there is no controversy, and the court in directing judgment to be entered for the plaintiff allowed credit for that amount. No disputed question of fact is, therefore, presented on the record and the judgment should be affirmed.