## Backenstoe *v.* Kline, Appellant.

*Insurance—Mutual insurance companies—Receiver—Appointment of receiver—Collateral attack—Act of June 23, 1885, P. L. 137.*

The appointment of a receiver of a mutual insurance company by the court of common pleas of Dauphin county under the Act of June 23, 1885, P. L. 137, cannot be attacked in a suit brought by a receiver against a policy holder to recover assessments; nor in such a case can the amount of the assessments as levied by the court be attacked by the defendant.

A receiver of a mutual insurance company appointed by the common pleas of Dauphin county, may bring an action in his own name to recover assessments levied by the court.

A canceled policy of a mutual insurance company is the same as an expired policy, and is liable to pay its share of losses up to the date of cancellation.

Argued April 19, 1906. Appeal, No. 5, March T., 1906, by defendant, from judgment of C. P. Union Co., March T., 1903, No. 3, on verdict for plaintiff in case of C. Hershey Backenstoe, Receiver of the Susquehanna Mutual Fire Insurance Company of Harrisburg, *v.* Reuben Kline. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit to recover assessments on a policy of mutual fire insurance. Before McCLURE, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $382.35. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Andrew A. Leiser*, with him *Andrew A. Leiser, Jr.*, for appellant.—These proceedings are not according to the course of the common law. All the facts necessary to support such jurisdiction in any particular case must appear of record, otherwise the proceedings are not merely voidable but absolutely void, and may be impeached collaterally : Camp v. Wood, 10 Watts, 118 ; Thatcher v. Powell, 6 Wheat. 119 ; Torrance v. Torrance,

53 Pa. 505–512; Grier's Appeal, 101 Pa. 412; Smith v. Wildman, 178 Pa. 245; Wall v. Wall, 23 W. N. C. 237.

The suit brought in the receiver's name is irregular: Yeager v. Wallace, 44 Pa. 294; Wisener v. Myers, 3 Pa. Dist. Rep. 687; Singerly v. Fox, 75 Pa. 112; Schimpf v. Ins. Co., 86 Pa. 373.

Defendant's motion for compulsory nonsuit should have prevailed, and it was error to direct a verdict for plaintiff: Susq. Mut. F. Ins. Co. v. Gackenbach, 115 Pa. 492; Columbia Ins. Co. v. Masonheimer, 76 Pa. 138–141; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575–579; Backenstoe, Receiver, v. Morgan, 12 Pa. Dist. Rep. 267–272.

The assessment in this case is excessive and illegal: Buckley v. Ins. Co., 83 Pa. 298; Ins. Co. v. Hartshorne, 90 Pa. 465; Hoffman v. Whelan, 160 Pa. 94; Susq. Mut. F. Ins. Co. v. Gackenbach, 115 Pa. 492; Rosenberger Light Co. v. Ins. Co., 87 Pa. 207; Ins. Co. v. Gackenbach, 115 Pa. 492–500; Ins. Co. v. Dryfoos, 20 W. N. C. 33–36; Ins. Co., Kramer, Receiver, v. Boggs, 5 Pa. Superior Ct. 394–403; Buckley v. Ins. Co., 92 Pa. 501–503; 20 Am. & Eng. Ency. Law, 121.

*Harry S. Knight*, for appellee.—A collateral attack upon the decree of the Dauphin county court in appointing a receiver of mutual fire insurance companies, and levying an assessment, cannot be made: Schofield v. Lafferty, 17 Pa. Superior Ct. 8; Fire Ins. Co. v. Boggs, 172 Pa. 91.

The suit was regularly and properly instituted in the name of " C. Hershey Backenstoe, receiver of the Susquehanna Mutual Fire Insurance Company of Harrisburg, Pa."

The indorsement " anticipated canceled " on the policy, and the receipt " in full settlement of all liability," pinned fast to the application, did not constitute a complete defense, and therefore defendant's motion for a compulsory nonsuit should not have prevailed: Snader v. Bomberger, 21 Pa. Superior Ct. 629; Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Schofield v. Leach, 15 Pa. Superior Ct. 354; Brown v. Spackman, 29 Pa. Superior Ct. 638.

The assessment in suit was levied by the decree of the

Dauphin county court, and the calculation in the plaintiff's statement made in exact accordance with said decree, and this decree is conclusive as to validity and amount: Schofield v. Leach, 15 Pa. Superior Ct. 354; Stockley v. Riebenack, 12 Pa. Superior Ct. 169; Stockley v. Hartley Bros., 12 Pa. Superior Ct. 628.

OPINION BY MORRISON, J., June 30, 1906:

The Susquehanna Mutual Fire Insurance Company of Harrisburg, Pa., was chartered April 26, 1873, by a decree of the court of common pleas of Dauphin county, to have and enjoy all the rights, powers and privileges, and be subject to the limitations and restrictions prescribed by the Act of April 2, 1856, P. L. 211, with its supplements, the business of said corporation to be conducted on the mutual plan.

On November 13, 1893, the company issued a policy to the defendant, insuring his dwelling house in the sum of $2,000, and by the provisions of the act of 1856, sec. 11, it is provided that, " all persons insuring with, and continuing to be insured therein, shall thereby become members during the period they shall remain so insured, and no longer, and shall pay such rates as shall be determined by the board of directors, and be liable for all losses and expenses of said company, to the amount of the premiums paid, or agreed to be paid, by said members respectively."

On October 18, 1897, the defendant having paid all assessments then due, paid an estimated assessment of $42.00 in full settlement of all liability under his policy and surrendered it to the company, and it was indorsed " canceled," and there is no question but the attempt was made to release the defendant from all future assessments. The present action is brought to recover from the defendant an assessment made in pursuance of a decree of the common pleas of Dauphin county, for the purpose of paying his share of the losses of the insolvent defendant company which occurred prior to October 18, 1897. The court below directed a verdict in favor of the plaintiff, and judgment being entered thereon the defendant appealed.

We find in the record seventeen assignments of error, but the presentation of the questions involved, by the learned counsel for the appellant, will relieve us from discussing

these assignments severally.   These questions as presented by the counsel are as follows :

1. " The jurisdiction of the Dauphin county common pleas in this proceeding as touching the validity of the receiver's appointment."

2. " The authority of the receiver to sue in his own name."

3. " The error of the court in giving binding instructions to the jury to find for the plaintiff."

4. " The excessive assessment levied by the receiver and the amount for which the defendant was liable, if at all."

The first question involves the consideration of a point which we think has been several times adjudicated.   By the Act of June 23, 1885, P. L. 137, the common pleas of Dauphin county is clearly empowered to " direct the officers of said company to assess and collect from the policy holders thereof a sum sufficient to satisfy said judgment and execution, and all other claims against said company, or to make any other order or orders in the premises as may appear to said court just and necessary."   The act further authorizes the court to decree a dissolution of the company and appoint a receiver.

It appears that the court of common pleas of Dauphin county adjudged the said company to be insolvent and appointed C. Hershey Backenstoe receiver, to take charge of the estate and effects of said company, collect the debts and property due and belonging to it, and do such other acts as he is required to do under the statute made and in such cases provided.

In Schofield v. Lafferty, 17 Pa. Superior Ct. 8, we held that an attack made upon the decree of the court of Dauphin county in a case like this one was a collateral attack, and that it cannot be permitted.   See the cases cited in that opinion.

In Fire Insurance Co. v. Boggs, 172 Pa. 91, the Supreme Court held: " The common pleas of Dauphin county, on the relation of the attorney general, had taken charge of the affairs of this company, appointed a receiver, and authorized him to make a specified assessment.   The order was within the jurisdiction of that court, and was conclusive of all prior matters involved in it.   It cannot be questioned in any collateral or ancillary proceeding such as the present."   In our opinion these authorities settle the question that the court of

common pleas of Dauphin county had jurisdiction and power to appoint the receiver and direct him to proceed in accordance with the decree, and if it were conceded that it was irregular to appoint a receiver without a decree of dissolution of the corporation, that question cannot be raised in this suit, as it would be a collateral attack upon the decree of the Dauphin county court. If that decree is to be attacked it must be done in the court where it was made. In our opinion, the authorities cited in Schofield v. Lafferty clearly show that the appellant has not raised such a jurisdictional question as will avoid the decree of the Dauphin county court in a collateral proceeding.

The next proposition is that the receiver is without power to sue in his own name. The decree of the Dauphin county court, after levying the assessment, provides that the receiver is " authorized and directed to collect said assessments by suit or suits at law to be instituted before an alderman, justice of the peace or court of record of this commonwealth or elsewhere, and to take all other legal steps for the recovery of the same," etc. This suit is brought in the name of C. Hershey Backenstoe, receiver of the Susquehanna Mutual Fire Insurance Company of Harrisburg, Pa. Under the decree Backenstoe has authority to institute suits, collect assessments and take any other steps for collection of the same. It does not seem to us that he is suing in his own name, but as receiver of the Susquehanna Mutual Fire Insurance Company. We do not see how the defendant can complain upon this ground, if the form of the action and pleadings are sufficient to bar another suit against him for the same cause of action. It can hardly be seriously contended that if another suit were brought against this defendant for the same cause of action, in the name of the Susquehanna Mutual Fire Insurance Company of Harrisburg, Pa., the present suit and judgment could not be successfully pleaded in bar thereof. To sustain his contention that the suit cannot be maintained in the name of the receiver, counsel for appellant takes the position that a receiver cannot sue in his own name, unless given authority so to do by either order of court or statute, and that no such authority was given in this case. But in our opinion, a fair construction of the order of court does authorize the receiver, as the officer

of the court, to institute suits for the collection of assessments.

The learned counsel cites Yeager v. Wallace, 44 Pa. 294, but that was a case of the appointment of .a receiver of a partnership, who brought an action of trover in his own name against a person who had converted assets of the firm before his appointment. It was held that he must sue in the name of the firm in whom was the legal right of action. We do not consider that case as ruling the present question. We do not think the defendant can be harmed by sustaining the present suit as it is brought.

The next question is the alleged error of the court in giving binding instructions to the jury to find for the plaintiff. The appellant contends that he was released by the payment of his estimated share of the company's liabilities and by the cancellation of the policy. This action is to recover the defendant's pro rata share of the losses which occurred from the date of his policy to the date of the alleged cancellation, less what he had already paid, and there is no attempt to collect for losses occurring after the date of the alleged cancellation.

The defendant, a member of a mutual insurance company, is liable for all losses incurred prior to his withdrawal from the company, or the cancellation of his policy. If a receiver of the company is authorized by the court to make assessments, the amount of the assessments and the necessity for making them are conclusively fixed by the decree of the court: Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289.

In Snader v. Bomberger, 21 Pa. Superior Ct. 629, we held: " The order for the assessment being within the jurisdiction of the court was conclusive both as to the necessity for and the amount of the assessment and cannot be questioned in either respect in any collateral or ancillary proceeding such as the present. It must be accepted as settled that all policies which were in force during the period of time fixed by the order of the court are to be assessed in accordance with the terms of that order."

The defendant interposed no valid defenses which were personal to himself, such as that he was never a member of the company, or that he had paid his full share of the losses occurring while he was a member of the company to any person au-

thorized to receive the same and release him from further obligation. A canceled policy is the same as an expired policy and is liable to pay its share of losses up to the date of cancellation : Stockley v. .Schwerdfeger, supra; Matten v. Lichtenwalner, 6 Pa. Superior Ct. 575 ; Stockley v. Riebenack, 12 Pa. Superior Ct. 169 ; Schofield v. Leach, 15 Pa. Superior Ct. 354. See also Brown v. Spackman, 29 Pa. Superior Ct. 638.

As to the fourth and last proposition, the excessive assessment levied by the receiver and the amount for which the defendant was liable, if at all, it is disposed of by the authorities already cited and many others. " If there is anything clearly and definitely settled by our late cases, following those of the Supreme Court, it is that assessments levied by the court, after the appointment of a receiver of a mutual insurance company, are conclusive, both as to their necessity and amount, and cannot be questioned in either respect in a collateral proceeding to recover same from a policy holder whose duty it is to pay to the company the proportionate share of losses incurred up to the time of his withdrawal : " Savings and Trust Co. v. Kleber, 29 Pa. Superior Ct. 200.

We have examined with some care the case of Akers, Receiver, v. Hite et al., 94 Pa. 394, cited and relied on by the appellant, but that case was decided upon facts found by a special verdict and we do not consider it as in conflict with many later cases, some of which we have cited and which we think clearly control the present case.

We think it clearly appears in this case that the receiver was appointed by a court having jurisdiction of the parties and the subject-matter, and that the decree is conclusive of all prior matters involved therein; that the receiver was authorized to institute this suit; that the defendant was a member of the plaintiff company ; that he was liable for his pro rata share of the losses occurring from the date of the policy to the date of cancellation; that the amount of defendant's liability was ascertained by decree of the court appointing the receiver, and deducting the amount previously paid by defendant, the judgment represents the balance for which he was liable ; that there was no legal and valid defense made to the plaintiff's claim ; that there were no disputed facts resting upon oral testimony to send the case to the jury, and that the assessment was legally

made by order of court in accordance with the by-laws of the company, and the calculation made by the receiver was in harmony with the decree of the court.

The assignments of error are all dismissed and the judgment is affirmed.