# International Savings & Trust Company, Appellant, *v.* Stenger.

*Insurance—Mutual insurance—Assessments—Affidavit of defense—Practice, C. P.—Receiver.*

In an action by a receiver of a mutual insurance company to recover assessments an affidavit of defense is insufficient which merely avers that the policy was issued without authority of law, with no facts stated from which the truth of the averment can be determined; nor in such a case can the defendant who has accepted a policy from the company deny that the corporation was legally organized.

A provision in a policy of mutual insurance that a neglect or refusal to pay the dues shall render the policy null and void, cannot be construed so as to relieve the insured from liability to pay losses after he had neglected or refused to pay his dues.

A decree of a court having jurisdiction of the subject directing the receiver of an insolvent mutual insurance company to make assessments on policies to cover losses during the period of the policies, is conclusive as to the necessity and amount of the assessment, and cannot be questioned in either respect in any collateral proceeding.

In an action against a member of an insolvent insurance company to recover assessments, the defendant cannot object that the action should have been brought in the name of the insurance commissioner.

Insurance companies organized under the fourth paragraph of section one of the Act of May 1, 1876, P. L. 53, are not required to have a guarantee capital.

*Corporations—Change of name—Meeting—Notice.*

Personal notice of a meeting called for the purpose of changing the name of a corporation is not required under the thirtieth and thirty-first sections of the act of May 1, 1876.

The regularity of the proceedings to change the name of a corporation cannot be collaterally attacked in a suit in which the corporation is a party.

Argued May 8, 1906. Appeal, No. 129, April T., 1906, by plaintiff, from order of C. P. Cambria Co., March T., 1905, No. 400, discharging rule judgment for want of a sufficient affidavit of defense in case of International Savings & Trust Company, Receiver of the Duquesne Mutual Casualty & Indemnity Co., v. John Stenger. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover assessments. Before O'CONNOR, P. J. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*G. K. Wright,* with him *John H. Stephens,* for appellant, cited: Stockley v. Hartley Bros., 12 Pa. Superior Ct. 628; Ogden v. Beatty, 137 Pa. 197; International S. & T. Co. v. Kleber, 29 Pa. Superior Ct. 200; Hummel & Co.'s Appeal, 78 Pa. 320; Insurance Co. v. Buckley, 83 Pa. 293; Insurance Co. v. Leavy, 136 Pa. 499; Backenstoe v. O'Neil, 18 Pa. Superior Ct. 55.

*R. E. Cresswell,* for appellee.

OPINION BY HENDERSON, J., June 30, 1906:

Several matters of defense are set forth in the affidavit of defense which will be considered in the order in which they are there presented:

1. The averment that the policy was issued without authority of law is general in its terms and insufficient from any point of view. Whether it is an allegation of fact or a conclusion of law is not apparent, but as no facts are stated from which the truth of the averment can be determined it lacks the elements requisite to constitute a good statement of defense: Superior National Bank v. Stadelman, 153 Pa. 634.

2. It is sufficient to say in regard to the charge in the affidavit that the plaintiff company was not organized in compliance with the provisions of the Act of May 1, 1876, P. L. 53, for the reason that a guarantee capital was not provided for, that the act referred to does not require a guarantee capital for corporations of the class to which the plaintiff company belonged. The 8th section of the act requires such a capital in the case of companies organized under the second or third paragraphs of the 1st section, but the plaintiff company was organized under the fourth paragraph of that section, as to which class there is no provision for guarantee stock. If it were otherwise, however, the defendant could not be permitted to assert in this action that the corporation was not legally organized. It is sufficiently alleged in the declaration that the company is a corporation created and existing under the laws of the commonwealth. Its corporate franchise was asserted and exercised and was recognized by the court of common pleas in the appointment of a receiver. The defendant accepted a policy issued by it and in so doing treated it as an existing corporation.

Whether it was formed in strict compliance with the requirements of the statute or not it was a de facto corporation, at least, whose existence cannot be collaterally attacked. A party cannot deny the existence of a corporation with which it has dealt in its corporate capacity: Cochran v. Arnold, 58 Pa. 399.

3. Paragraph 15 of the " Conditions and Agreements " contained in the policy issued to the defendant contains the following provision : " The policy holder shall at any time have the privilege of withdrawing from the Association by giving five days' notice of his intention to withdraw and surrendering this Policy, when all future liability shall cease ; provided all indebtedness due the Association has been satisfied." Section 5 of article 4 of the by-laws provides that " if any member shall neglect or refuse to pay his or her loss dues within the time specified in the notice his or her policy shall become null and void and all money paid by such member or policy holder shall be forfeited to the Association." The defendant alleges that after receiving notice of the loss dues for the year immediately succeeding the date of his policy he notified the company that he would not pay his proportion of such dues and that he neglected and refused so to do and requested that his name be stricken from the books of the company at the end of the year following the date of the policy and he now contends that under the provisions of the policy, above quoted he is relieved from liability to assessment for losses occurring during that year or subsequently. His contention is that the provision of the by-laws that neglect or refusal to pay loss dues within the time specified shall render the policy null and void relieves him from liability to payment after such refusal. The effect of such a by-law was considered in Stockley, Receiver, v. Hartley, 12 Pa. Superior Ct. 628, where it was held that such a provision did not relieve the insured from liability to contribute a proportionate share to the indebtedness of the company. To the same effect is Susquehanna Ins. Co. v. Leavy, 136 Pa. 499. On failure to pay as required by the terms of the contract the company might treat the policy as void, but it would be a most unreasonable interpretation of the by-law to hold that it permitted the insured at his pleasure to annul an obligation for his proportion of losses which he had voluntarily assumed. It is not claimed that there was a with-

drawal in accordance with the provisions of the 15th paragraph of the " Conditions and Agreements " of the policy, for it is expressly provided therein that all indebtedness due the association must be satisfied before such withdrawal takes place ; and it is not only not alleged that such indebtedness was paid but, on the contrary, it is expressly stated that it was not paid. Paragraph 15 of the policy provided a mode by which the defendant might have relieved himself from further responsibility under the contract.   Having failed to proceed in accordance with its directions his obligation continued and he is bound to pay his just share of the losses for which the company is answerable.   If the policy had been canceled it would have been the same in effect as if it had expired and the insured would have been liable for losses occurring during the life of the policy : Stockley v. Schwerdfeger, 19 Pa. Superior Ct. 289 ; Brown v. Spackman, 29 Pa. Superior Ct. 638.   A decree of the court having jurisdiction of the subject directing the receiver of an insolvent mutual insurance company to make assessments on policies to cover losses during the period of the policies is conclusive as to the necessity and amount of the assessment and cannot be questioned in either respect in any collateral proceeding : Moore v. Reifsnyder, 22 Pa. Superior Ct. 326 ; Brown v. Spackman, 29 Pa. Superior Ct. 638.   The liability of the policy holders in a mutual insurance company for their proportionate shares of the losses of the company is in accordance with the essential principle upon which insurance companies are organized and in the case of insolvent companies is only discharged by payment.

4. The objection to the regularity of the change of the name of the corporation cannot be made available.   Personal notice of the meeting called for the purpose of changing the name of the corporation is not required under the 30th and 31st sections of the act of May 1, 1876, but if there had been an omission in this respect the defendant could not collaterally attack the validity of the certificate issued under the provisions of the act.

5. The objection that the action is not brought in the name of the insurance commissioner is met by the opinion of Judge BEAVER in Saving Co. v. Kleber, 29 Pa. Superior Ct. 200, where it was held that the defendant could not raise the ques-

tion. As it is a purely formal matter the record could be amended if necessary by making the insurance commissioner a party.

A reference to the cases above cited shows that the questions raised by the defendant are all. there answered and that the matters of defense set up are not a sufficient answer to the plaintiff's claim.

The assignment of error is sustained and the record is remitted to the court below with directions to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be entered.