# International Savings & Trust Company, Receiver, Appellant, *v.* Tillotson.

*Insurance—Mutual insurance—By-laws—Forfeiture of policy.*

Where a by-law of a mutual insurance company provides that if the insured neglects or refuses to pay his loss dues within the time specified in his notice, his policy shall become null and void, a failure to pay does. not ipso facto render the policy void.    The provision is for the protection of the company, and if the company does not choose to enforce the forfeiture, the policy continues in force against the member.

Argued May 17, 1907.    Appeal, No. 56, April T., 1907, by plaintiff, from judgment of C. P. Mercer Co., Oct. T., 1904, No. 94, on verdict for defendant in case of International Savings & Trust Company, Receiver of the Duquesne Mutual Casualty & Indemnity Company, v. N. E. Tillotson.    Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit to collect an assessment on a policy of mutual insurance.    Before WILLIAMS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $59.40.    Plaintiff appealed.

*Error assigned* was in answering plaintiff's point which was as follows:

That under all the evidence, the verdict should be for the plaintiff for the full amount set out in the affidavit of claim.

522 INTER. SAV. & TR. CO., Appellant, *v.* TILLOTSON.

Assignment of Errors—Opinion of the Court. [34 Pa. Superior Ct.

*Answer:* Refused. Under the instructions already given you, this point is refused, and inasmuch as it has been conceded that the defendant is liable to the plaintiff company for his share of the expenses of the plaintiff company as fixed by the assessment made by the receiver during the term of his membership, we instruct you to find a verdict in favor of the plaintiff for the sum of $54.88, and to that add interest from July 1, 1904, and for the gross amount you will return a verdict in favor of the plaintiff.

*G. K. Wright*, of *Alter & Wright*, with him *H. L. Keck*, for appellant.—This case is ruled by International Savings & Trust Co. v. Kleber, 29 Pa. Superior Ct. 200 ; International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294.

*W. C. Pettit*, for appellee.

OPINION BY HENDERSON, J., October 7, 1907 :

The Duquesne Mutual Protective & Detective Association Against Theft was incorporated in 1898, and engaged in business as a mutual insurance company until September 1, 1903, at which time an amendment of the charter was approved by the governor in which the name of the company was changed to Duquesne Mutual Casualty & Indemnity Company, under which name it continued to do business until March 25, 1904, when a receiver was appointed by the court of common pleas, No. 1, of Allegheny county, on a bill filed alleging the insolvency of the company. The defendant made an application for, and took out, a policy of insurance on December 5, 1901. In March following an assessment was levied by the company on the policy holders. The defendant did not pay this assessment. On May 7, 1904, the court which appointed the receiver made an order for an assessment on all policy holders to meet the indebtedness of the company. This action was brought to recover the assessment charged against the defendant. The court refused judgment for want of a sufficient affidavit of defense to which action an exception was taken and the case proceeded to trial, and a verdict for the plaintiff for a less amount than was claimed. Two defenses were presented in the affidavit of defense : (a) that the policy was procured

by misrepresentation on the part of the agent; and (b) that when the defendant received notice of the assessment made in March, 1902, he " decided not to pay said dues, and did not do so. That about two months afterwards he received another notice for the same amount of dues, but paid no attention to the same," and that by reason of his omission to pay his policy became null and void in accordance with the provisions of sec. 5 of article 4 of the by-laws of the company. On the rule for judgment the court held that the first defense was not available, but that under the second the defendant could only be held liable for assessments due within thirty days from the time the assessment which the defendant declined to pay was made, another by-law allowing thirty days after notice for payment of assessments. The same defense was set up at the trial of the cause, in which the jury was instructed that the membership of the defendant in the company terminated on April 1, 1902, by reason of his refusal to pay the assessment referred to and the operation of the above stated by-law of the company. The same question was, therefore, presented on the rule for judgment that arose at the trial, and as there were no disputed questions of fact that became one of law. The by-law on which the defendant relies provides that if the insured neglect or refuse to pay his loss dues within the time specified in his notice his policy shall become null and void, and all money paid by such member shall be forfeited to the association. Another by-law was relied upon at the trial as relieving the defendant. It is the first paragraph of " Provisions and agreements," which provides that " A non-payment on the due-date forfeits all benefits, rights and claims hereunder, and cancels policy, without the release of any liabilities then existing." This provision is contained in a form of policy marked exhibit " B " in the bill filed in the court of common pleas of Allegheny county in the proceeding in which the receiver was appointed. A copy of that bill and the exhibits was attached to the plaintiff's declaration in this case. It there appears that these " provisions and agreements " are embodied in a form of policy that was used after the reorganization of the company in 1903. It is not alleged to be a part of the defendant's contract with the company, and does not appear to be so in the copy of the bill and exhibits attached to

the plaintiff's declaration. The purpose of attaching the copy of the proceedings in Allegheny county to the declaration was evidently to make apparent to the defendant, his counsel and the court the basis of the plaintiff's claim, but it does not in any way connect the defendant with exhibit "B" in the equity proceedings. It is, moreover, admitted that an erasure line was drawn over a considerable part of this exhibit, although it did not extend to the end of the form of policy there set forth. The contract with the defendant is plainly set forth in exhibit "A" attached to the bill in equity, the form of policy presented in that exhibit having been used as a copy of the defendant's contract apparently to avoid a multiplication of exhibits. It sufficiently appears that exhibit "A" of the bill in equity is a copy of the contract on which the plaintiff claims, and that exhibit "B" is a form of policy adopted after the change of name of the company in 1903, and, therefore, more than a year after the defendant's obligation arose. Turning, then, to by-law No. 5 of sec. 4 of the contract sued upon, the inquiry is whether the mere neglect of the insured to pay an assessment upon notice effects an extinguishment of the policy. This provision of the by-laws was not made in the interest of the insured, but for the protection of the company. It did not enable the defendant to refuse to perform his contract and then set up his own default to effect a forfeiture. His failure to pay did not ipso facto render the policy void. The company was not bound to enforce a forfeiture, and nothing is presented in the affidavit of defense, nor appeared at the trial, from which it might reasonably be inferred that the company treated the policy as void. The affidavit of defense contains an admission that about two months after the notice of assessment was sent the defendant received another notice of the same amount of dues, but paid no attention to the same. The company was then evidently asserting its rights under the contract, and it does not appear that it at any time assumed a different attitude. The defendant was a member of a mutual company, and bound to his associates in the discharge of their mutual obligations. He may have lost his right to recover from the company by his default in making payment of his assessment, but it does not follow that the company is deprived of its right to enforce his obligation : Stockley v. Hartley Bros.,

12 Pa. Superior Ct. 628 ; International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294 ; Susquehanna Mut. Fire Ins. Co. v. Leavy, 136 Pa. 499.   There is a mode afforded by which the defendant could have withdrawn from the association and surrendered his policy.   Paragraph 15 of the " conditions and agreements " of the policy provides that the insured may withdraw from the company by giving five days' notice of his intention so to do, by surrendering his policy and by paying all his indebtedness due to the association.   This provision is in the interest of the insured, and when taken advantage of releases him from responsibility for future assessments.   When we read this condition in connection with sec. 5 of the by-laws it becomes clear that the latter regulation was for the protection of the company and the former for the relief of the insured. Each might claim the right which the respective provisions assured him, but it does not appear that this was done.   The defendant has not presented a defense peculiar to himself which relieves him from the assessment made by order of the court of common pleas of Allegheny county.   We think the case is ruled by Stockley v. Hartley Bros., 12 Pa. Superior Ct. 628, and International Savings & Trust Co. v. Stenger, 31 Pa. Superior Ct. 294.   It follows that judgment should have been entered in favor of the plaintiff on the rule for judgment for want of a sufficient affidavit of defense.

The judgment is reversed and the record remitted to the court below, with direction to enter judgment against the defendant for such sum as to right and justice may belong unless other legal or equitable cause be shown to the court below why such judgment should not be entered.